FILED

10 OCT 22 PM 2: 11

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

1  JOHN H. DONBOLI (SBN: 205218)
   E-mail:  jdonboli@delmarlawgroup.com
2  JL SEAN SLATTERY (SBN: 210965)
   E-mail:  sslattery@delmarlawgroup.com
3  DEL MAR LAW GROUP, LLP
   2002 Jimmy Durante Boulevard, Suite 100
4  Del Mar, CA  92014
   Telephone:  (858) 793-6244
5  Facsimile:   (858) 793-6005

6
   Attorneys for Plaintiff:  ANDREW HECHT-NIELSEN, an individual and on behalf
7  of all others similarly situated

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10  ANDREW HECHT-NIELSEN, an individual  )   CASE '10CV 2205 BEN      RBB
    and on behalf of all others similarly situated,  )
11                                     )   CLASS ACTION
12                   Plaintiff,        )
                                       )   COMPLAINT FOR:
13           vs.                       )
                                       )   (1)   VIOLATION OF CONSUMERS
14  LIFETIME PRODUCTS, INC., a Utah    )         LEGAL REMEDIES ACT
    corporation, and THE SPORTS        )         (CALIFORNIA CIVIL CODE
15  AUTHORITY, INC., a Delaware corporation;  )    SECTION 1750 ET SEQ.);
    and DOES 1 through 100, inclusive, )
16                                     )
17                   Defendants.       )   (2)   VIOLATION OF BUSINESS &
                                       )         PROFESSIONS CODE SECTIONS
18                                     )         17200 ET SEQ. (CALIFORNIA
                                       )         UNFAIR COMPETITION LAW;
19                                     )         AND
20                                     )
                                       )   (3)   VIOLATION OF BUSINESS &
21                                     )         PROFESSIONS CODE SECTION
                                       )         17533.7 (CALIFORNIA FALSE
22                                     )         "MADE IN USA" CLAIM).
23                                     )
                                       )   DEMAND FOR JURY TRIAL
24                                     )         [FRCP 38]
25                                     )
26                                     )
27                                     )
28

                                    1

                                                            COMPLAINT

COMES NOW, plaintiff ANDREW HECHT-NIELSEN ("Plaintiff"), as an individual and on behalf of the general public and all others similarly situated, by his undersigned attorneys, alleges as follows:

## NATURE OF THE CASE

1.     This is a putative <u>nationwide</u> class action case brought on behalf of all purchasers of basketball equipment products manufactured, distributed, marketed, and/or sold by defendant LIFETIME PRODUCTS, INC. ("Lifetime") and THE SPORTS AUTHORITY, INC. ("Sports Authority") (Lifetime and Sports Authority and the DOE defendants are collectively referred to hereinafter as "Defendants") throughout the United States.  Through an unlawful, deceptive and unfair course of conduct, Defendants manufactured, marketed, and/or sold a variety of residential basketball hoop products throughout the United States with the false designation and representation that Defendants' basketball products were "MADE IN USA."  The "MADE IN USA" claim is prominently printed on the product packaging along with an image of the American flag.[1]  Despite true facts to the contrary, the offending basketball products are substantially made, manufactured or produced from <u>component parts</u> that are manufactured outside of the United States in violation of California law, federal law, the laws of the other 49 states and the District of Columbia.  In fact, the majority of product is made from component parts manufactured *outside the United States*.  For example, the net, the compression spring, the hex nuts, the bolts and the nuts are all <u>Made in China</u>.

## PARTIES

2.     Plaintiff is an individual residing in San Diego, California.

3.     Defendant Lifetime Products, Inc. is a corporation that is organized and exists under the laws of the State of Utah.  Lifetime Products, Inc. may be served with process in this matter by serving its registered agent for service of process as follows:  Barry Mower, Box

---

[1]     Plaintiff intends to seek class wide relief on behalf of all purchasers of <u>any</u> Lifetime residential basketball hoop product that was labeled as "Made in USA" but incorporated foreign-made component parts in violation of California and federal law – not just the specific model purchased by Plaintiff.

1   160010-Bldg D11 FRPT, Clearfield, UT 84016.

2   4.      Lifetime is a leading manufacturer of residential basketball hoop products.

3   According to its website, "Lifetime Products, Inc. is a privately-held company headquartered in

4   Clearfield, Utah. With products sold in 58 countries, Lifetime is the world's leading

5   manufacturer of polyethylene folding tables, chairs, and residential basketball hoops. With other

6   offerings from outdoor sheds and carts to kayaks and soccer goals, Lifetime continues to develop

7   innovative products For The Way You Live™." One of the products Lifetime manufacturers and

8   sells to California retailers is the *Slam It® – Rim* ("Rim") purchased by Plaintiff at Sports

9   Authority on or about July 18, 2010 in San Diego.

10   5.      Defendant Sports Authority, Inc. is a corporation that is organized and exists

11   under the laws of the State of Delaware.  Defendants' principal place of business is 1050 W

12   Hampden Ave, Englewood, CO 80110.  Sports Authority may be served with process in this

13   matter by serving its California registered agent for service of process, The Corporation

14   Company, 1675 Broadway, Suite 1200, Denver, CO 80202.  According to its website, the Sports

15   Authority "is headquartered in Englewood, Colorado. It operates over 450 stores in 45 U.S.

16   states under The Sports Authority. The Company's website, located at sportsauthority.com is

17   operated by GSI Commerce, Inc. Sports Authority has a rich history, dating back almost a

18   century, of being an industry leader in providing a wide assortment of quality, brand-name

19   sporting goods."

20   6.      The Rim purchased by Plaintiff was purchased at a Sports Authority store in San

21   Diego County.   Sports Authority maintains the following website:  www.sportsauthority.com.

22   7.      Plaintiff is ignorant of the true names and capacities of the defendants sued herein

23   as DOES 1-100, inclusive; therefore, Plaintiff sues these defendants by such fictitious names.

24   Plaintiff is informed and believes that each of the fictitious named defendants are legally

25   responsible in some manner for the occurrences herein alleged, assisted in and about the wrongs

26   complained herein by providing financial support, advice, resources or other assistance.  Plaintiff

3

will amend the complaint to allege their true names and capacities when ascertained.

8.    Plaintiff is informed and believes that all defendants were agents, servants and employees of their co-defendants, and in doing the things hereinafter mentioned, were acting within the scope of their authority as such agents, servants and employees with the permission and consent of their co-defendants.

## JURISDICTION AND VENUE

9.    This Court has jurisdiction over this matter in that Plaintiff resides in the State of California while Defendants are incorporated under the laws of the State of Utah and Delaware. Diversity jurisdiction exists under 28 U.S.C. § 1332.   This Court also has jurisdiction because the amount in controversy in this matter exceeds $5,000,000.00 as to all Class Members, inclusive of attorneys' fees and costs, and injunctive relief and this matter is properly before this Court under the Class Action Fairness Act, codified at 28 U.S.C. Sections 1332(d), 1453, and 1711-1715.

10.    Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), 1391(c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11.    Plaintiff incorporates herein each and every allegation contained in paragraphs 1 through 10, inclusive, as though fully set forth herein.

12.    Defendants manufacture, market, and/or sell residential basketball hoop products that have printed on the product itself and the product packaging that the lighting products are "MADE IN THE USA."

13.    Contrary to the representation, the residential basketball hoop products are substantially and/or partially made, manufactured or produced with component parts that are manufactured outside of the United States.  The foreign component parts that constitute the Rim (and presumably all other offending basketball hoop products across the entire Lifetime product line) are the net, the compression spring, the hex nuts, the bolts and the nuts.

4

COMPLAINT

14.    Defendants market, and continue to market, and represent to the general public that its residential basketball hoop products are "MADE IN THE USA." In addition, Defendants fraudulently concealed the material facts at issue herein by failing to disclose to the general public the true facts regarding the country of origin designation appearing on the residential basketball hoop products and packaging. The disclosure of this information was necessary in order to make Defendants' representation not misleading for want of disclosure of these omitted facts. Defendants possess superior knowledge of the true facts which were not disclosed, thereby tolling the running of any applicable statute of limitations.

15.    Consumers are particularly vulnerable to these deceptive and fraudulent practices. Most consumers possess very limited knowledge of the likelihood that products, including the component parts therein, claimed to be made in the United States are in fact made in foreign countries. This is a material factor in many individuals' purchasing decisions, as they believe they are supporting American companies and American jobs.

16.    Consumers generally believe that "MADE IN THE USA" products are higher quality than their foreign-manufactured counterparts. Due to Defendants' scheme to defraud the market, members of the general public were fraudulently induced to purchase Defendants' products at inflated prices. On information and belief, and during the entirety of the relevant four-year statutory time period, Defendants charged excess monies for its residential basketball hoop products, in comparison to their competitors, based on the false "MADE IN THE USA" designation that was intended to deceive the consumer. California and federal laws are designed to protect consumers from this type of false representation and predatory conduct. Defendants' scheme to defraud consumers is ongoing and will victimize consumers each and every day until altered by judicial intervention.

## THE PLAINTIFF TRANSACTION

17.    On or about July 18, 2010, Plaintiff purchased the Rim in San Diego, California. At the time of purchase, the product itself was marked with a "MADE IN USA" country of origin designation when it was almost entirely comprised of component parts made outside of

5

the United States. Accordingly, Defendants were not entitled to lawfully make a "MADE IN USA" representation on the product.

18. In each case when Plaintiff, and Class Members, purchased a Rim, they relied upon Defendants' "MADE IN USA" representation in their purchasing decision, which is typical of most U.S. consumers, and they were deceived as a result of Defendants' actions. These purchasing decisions were supported by the "MADE IN USA" representation made by Defendants, which is absent from most of Defendants' competitors. Plaintiff believed at the time he purchased the Rim that he was supporting U.S. jobs and the U.S. economy.

19. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendants as a result of Defendants' false "MADE IN USA" claims set forth on the Rim. Furthermore, he suffered an "injury in fact" by paying for something he believed was genuinely manufactured in the USA, when it was not.

20. As such, the offending basketball products, made with foreign-made Chinese component parts (yet unlawfully labeled "Made in USA"), are of inferior quality, less reliable, and fail more often - all in all, the undeniable conclusion is that the improperly labeled basketball products at issue in this litigation are "defective" (as compared to a similar product made with 100% U.S.-made components parts).[2] Essentially, the Rim is not worth the purchase price paid. The precise amount of damages will be proven at time of trial.

21. U.S. made component parts are subject to strict regulatory requirements, such as environmental, labor, and safety standards. Chinese component parts are not subject to the same U.S. manufacturing standards and are inherently of lower quality than their U.S. made counterparts. Moreover, Chinese made component parts are less reliable and durable than their U.S. made counterparts. As such, the Rim is of inferior quality. In sum, Plaintiff was falsely induced to purchase a sub-standard product that he otherwise would not have purchased.

[2] The dictionary defines the term *defective* as "lacking or deficient." Using substandard foreign-made components parts in lieu of their U.S. made counterparts leads to a product that is undeniably "lacking" and/or "deficient" from the baseline product (i.e., a 100% U.S.-made product that contains 100% U.S.-made component parts).

22.    Plaintiff and Class Members were undoubtedly injured as a result of Defendants' false "MADE IN USA" representations that are at issue in this litigation.

### CLASS ALLEGATIONS

23.    Plaintiff hereby re-alleges and incorporates by reference each and every preceding paragraph as though fully set forth herein.

24.    Plaintiff brings this action, as set forth below, against Defendants, pursuant to Rules 23(a), 23(b)(1), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), individually and on behalf of a class consisting of all persons in the United States who purchased one or more of Defendants' residential basketball hoop products during the relevant four-year statutory time period that bore a "Made in USA" country of origin designation but that contained foreign-made component parts (the "Nationwide Class"). Excluded from the Nationwide Class are the Court and its employees; Defendants; any parent, subsidiary, or affiliate of Defendants; and all employees and directors who are or have been employed by Defendants during the relevant time period.

**Definition of the Subclass**

25.    Subclass members as to Plaintiff's First, Second, and Third Claims for Relief are all of Defendants' California customers who purchased Defendants' residential basketball hoop products that contained foreign-made component parts (hereinafter the "Offending Products") that bore a "Made in USA" designation in California during the relevant four-year statutory time period.

**Class Action Requirements**

26.    The numerosity requirement of Fed. R. Civ. P. 23(a)(1) is satisfied for each of the foregoing Classes because the members of each Class are so numerous and geographically dispersed that joinder of all Class members is impracticable. Plaintiff believes that there are at least thousands of members of each Class located either, in the case of the Nationwide Class, throughout the United States or, in the case of the California Class, in the State of California.

COMPLAINT

27.     Common questions of fact and law exist here, satisfying the requirement of Rule 23(a)(2), including but not limited to:

        a.     whether Defendants participated in, or committed the wrongful conduct alleged herein;

        b.     whether Defendants' acts, transactions, or course of conduct constitute the violations of law alleged herein;

        c.     whether the members of the Nationwide Class and the California Class have sustained and/or continue to sustain damages by reason of Defendants' conduct, and, if so, the proper measure and appropriate formula to be applied in determining such damages;

        d.     whether Defendants' unlawful conduct caused the members of the Nationwide Class and the California Class to purchase defective products that are less reliable than or failure more often than basketball products that are made with 100% U.S.-made component parts;

        e.     whether the members of the Nationwide Class and the California Class are entitled to damages; and

        f.     whether the members of the Nationwide Class and the California Class are entitled to declaratory, injunctive, or other equitable relief.

28.     Plaintiffs' claims are typical of the claims of all other members of the Nationwide Class and respectively and violations of law by Defendants as do the other Class members' claims.  Accordingly, Plaintiff has satisfied the "typicality" requirements of Fed. R. Civ. P. 23(a)(3) with respect to the Nationwide Class and the California Class.

29.     Plaintiff will fairly and adequately protect the interests of the other members of the Nationwide Class and, respectively, the members of the California Class and has no interests that are antagonistic to or which conflict with those of the other members of those Classes. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in litigation of this nature to represent themselves and the other members

1   of the Nationwide Class, and, respectively, the members of the California Class; as such, the

2   requirements of Rule 23(a)(4) are satisfied.

3       30.    Absent a representative class action, members of the Nationwide Class and the

4   California Class would continue to suffer the harm described herein, for which they would have

5   no remedy.  Even if separate actions could be brought by individual purchasers, the resulting

6   multiplicity of lawsuits would cause undue hardship and expense for both the Court and the

7   litigants, as well as create a risk of inconsistent rulings and adjudications that might be

8   dispositive of the interests of similarly situated purchasers, substantially impeding their ability

9   to protect their interests, while establishing incompatible standards of conduct for Defendants.

10  The proposed Nationwide Class, and, respectively, the members of the California Class, thus

11  satisfy the requirements of Fed. R. Civ. P. 23(b)(1).

12      31.    Defendants has acted or refused to act on grounds generally applicable to Plaintiff

13  and the other members of the Nationwide Class, and, respectively, the members of the

14  California Class, thereby rendering class certification and injunctive or declaratory relief with

15  respect to the Nationwide Class as a whole and the California Class, appropriate as well.

16  Therefore, certification under Fed. R. Civ. P. 23(b)(2) is appropriate.

17      32.    As discussed above, numerous common questions of fact and law exist. These

18  questions predominate over the individual questions presented in this action. The predominance

19  requirement of Rule 23(b)(3) is thus satisfied.

20      33.    A class action is the superior method for the fair and efficient adjudication of this

21  controversy, because joinder of all members of the Nationwide Class, and, respectively, the

22  members of the California Class, is impracticable. Because the damages suffered by individual

23  members of the Nationwide Class, and, respectively, the members of the California Class, may

24  be relatively small, the expense and burden of litigation would prevent Nationwide Class

25  members and members of the California Class from individually redressing the wrongs done to

26  them.  Where, as here, the size and nature of individual Nationwide Class members' claims and

27  Statewide Class members' claims would allow few, if any, members of those Classes to seek

28  legal redress against Defendants for the wrongs complained of herein, a representative class

9

1  action is both the appropriate vehicle by which to adjudicate these claims and is essential to the

2  interests of justice. Furthermore, a class action regarding the issues in this action creates no

3  significant problems of manageability. The superiority and manageability requirements of Rule

4  23(b)(3) are thus satisfied.

5  ### FIRST CLAIM FOR RELIEF

6  **(Violation of California Consumers Legal Remedies Act Against All Defendants)**

7      34.   Plaintiff realleges and incorporates herein by reference all of the allegations

8  contained in Paragaphs1 through 33, inclusive, of this complaint as though fully set forth herein.

9      35.   California Civil Code Section 1750 *et seq.* (entitled the Consumers Legal

10  Remedies Act) provides a list of "unfair or deceptive" practices in a "transaction" relating to the

11  sale of "goods" or "services" to a "consumer."  The Legislature's intent in promulgating the

12  Consumers Legal Remedies Act is expressed in Civil Code Section 1760, which provides, *inter*

13  *alia*, that its terms are to be:

14          [C]onstrued liberally and applied to promote its underlying purposes,

15          which are to protect consumers against unfair and deceptive business
        practices and to provide efficient and economical procedures to secure

16          such protection.

17      36.   Defendant's products constituted "goods" as defined in Civil Code Section

18  1761(a).

19      37.   Plaintiff, and Class members, are each a "Consumer" as defined in Civil Code

20  Section 1761(d).

21      38.   Each of Plaintiff's purchases of Defendant's products constituted a "transaction"

22  as defined in Civil Code Section 1761(e).

23      39.   Civil Code Section 1770(a)(4) and (9) provides that "[t]he following unfair

24  methods of competition and unfair or deceptive acts or practices undertaken by any person in a

25  transaction intended to result or which results in the sale or lease of goods or services to any

26  consumer are unlawful: Using deceptive representations or designations of geographic origin in

27  connection with goods or services….Advertising good or services with intent not to sell them as

28  marketed."

10

40.   Defendant violated Civil Code Section 1770(a)(4) and (9) by marketing and representing that their products are "MADE IN USA" when they actually contain component parts that are manufactured outside of the United States.

41.   It is alleged on information and belief that Defendant's violations of the Consumer's Legal Remedies Act set forth herein were done with awareness of the fact that the conduct alleged was wrongful and were motivated solely for increased profit.  It is also alleged on information and belief that Defendants did these acts knowing the harm that would result to Plaintiff and that Defendants did these acts notwithstanding that knowledge.

42.   Plaintiff provided the requisite 30-day notice to Lifetime and Sports Authority, which was sent pursuant to the CLRA on or about September 9, 2010.  Therefore, Plaintiff and Class Members seek actual and/or statutory damages against Lifetime and Sports Authority in this litigation pursuant to Civil Code § 1780.  The 30-day notice complied with the relevant provisions of the Consumers Legal Remedies Act as it was a demand to correct, repair, replace, or otherwise rectify the false country of origin designation as it relates to violating basketball hoop products sold in California pursuant to California Civil Code Section 1782(a).  No response was ever forthcoming from Lifetime and Sports Authority in response to the CLRA notice.

43.   As a direct and proximate result of Defendants' violations of the Consumers Legal Remedies Act, Plaintiff and Class members are entitled to the following remedies as against Lifetime and Sports Authority:  (a) actual damages according to proof at time of trial; (b) a declaration that Defendants violated the Consumers Legal Remedies Act, (c) an injunction preventing Defendants' unlawful actions, and (d) an award of punitive damages pursuant to § 1780(a)(4).

44.   Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendants as a result of Defendants' false "MADE IN U.S.A." claims set forth on the basketball hoop products.  Furthermore, he suffered an "injury in fact" by paying for a substandard/defective product that he believed was genuinely manufactured in the USA, when it was not.  See Paragraphs 18-22 herein.

11

45.     Plaintiff and Class Members were undoubtedly injured as a result of Defendants' false "MADE IN USA" representations that are at issue in this litigation.

## SECOND CLAIM FOR RELIEF

**(Violation of Business & Prof. Code Section 17200 *Et Seq.* Against All Defendants)**

46.     Plaintiff realleges and incorporates herein by reference all of the allegations contained in Paragapphs1 through 45, inclusive, of this complaint as though fully set forth herein.

47.     Business & Professions Code section 17200 *et seq.* provides that unfair competition means and includes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading marketing."

48.     By and through their conduct, including the conduct detailed above, Defendants engaged in activities which constitute unlawful, unfair, and fraudulent business practices prohibited by Business & Professions Code Section 17200 *et seq.* Beginning at an exact date unknown as yet and continuing up through the present Defendants committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Business & Professions Code Section 17200 *et seq.*, by manufacturing, distributing, marketing residential basketball hoop products with a false country of origin designation and violating Section 17533.7 by falsely claiming that the products referenced herein are "MADE IN USA" that are made with component parts manufactured outside of the United States.

49.     In addition, and pled on information and belief, beginning at an exact date unknown as yet and continuing up through the present Defendants committed additional acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Business & Professions Code Section 17200 et seq., by misrepresenting their residential basketball hoop products country of origin as "MADE IN USA," so third-party distributors that sell Defendants' basketball hoop products to the federal government could unwittingly sell "foreign made" products in violation of the provisions of the Buy American Act.  See 41 USC §§ 10a-10d.

12

50.     Beginning at an exact date unknown as yet and continuing up through the present, Defendants committed acts of unfair competition that are prohibited by Business and Professions Code section 17200 *et seq.* Defendants engaged in a pattern of "unfair" business practices that violate the wording and intent of the statutes, by engaging in practices that threatens an incipient violation of law, or violates the policy or spirit of laws because its effects are comparable to or the same as a violation of the law by manufacturing, distributing, and marketing their residential basketball hoop products with a false country of origin designation and violating Section 17533.7 by falsely claiming that their residential basketball hoop products referenced herein are "MADE IN USA" when they actually contain component parts manufactured outside of the United States.

51.     Alternatively, Defendants engaged in a pattern of "unfair" business practices that violate the wording and intent of the statutes, by engaging in practices that are immoral, unethical, oppressive or unscrupulous, the utility (if any) of which conduct is far outweighed by the harm done to consumers and public policy by manufacturing, distributing, marketing, and advertising residential basketball hoop products with the false claim that the products referenced herein are "MADE IN USA."

52.     Alternatively, Defendants engaged in a pattern of "unfair" business practices that violate the wording and intent of the statutes, by engaging in practices wherein: (1) the injury to the consumer was substantial; (2) the injury was not outweighed by any countervailing benefits to consumers or competition; and (3) the injury was of the kind that the consumers themselves could not reasonably have avoid by manufacturing, distributing, marketing, and advertising residential basketball hoop products with the false claim that the products referenced herein are "MADE IN U.S.A."

53.     Beginning at an exact date unknown as yet and continuing up through the present, Defendants committed acts of unfair competition, including those described above, prohibited by Business and Professions Code section 17200 *et seq.* by engaging in a pattern of "fraudulent" business practices within the meaning of Business & Professions Code section 17200 *et seq.*, by manufacturing, distributing, marketing residential basketball hoop products with a false country

13

of origin designation and violating Section 17533.7 by falsely claiming that the products referenced herein are "MADE IN USA."

54.    Defendant engaged in these unlawful, unfair and fraudulent business practices for the primary purpose of collecting unlawful and unauthorized monies from Plaintiff and all others similarly situated; thereby unjustly enriching Defendants.

55.    As a result of the repeated violations described herein, Defendants received and continue to receive unearned commercial benefits at the expense of their competitors and the public.

56.    Defendants' unlawful, unfair and fraudulent business practices presents a continuing threat to the public in that Defendants continues to engage in unlawful conduct.

57.    Such acts and omissions are unlawful and/or unfair and/or fraudulent and constitute a violation of Business & Professions Code section 17200 *et seq.*  Plaintiff reserves the right to identify additional violations by Defendants as may be established through discovery.

58.    As a direct and legal result of their unlawful, unfair and fraudulent conduct described herein, Defendants has been and will be unjustly enriched by the receipt of ill-gotten gains from customers, including Plaintiff, who unwittingly provided their money to Defendants based on Defendants' fraudulent country of origin designation.

59.    Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendants as a result of Defendant's false "MADE IN U.S.A." claims set forth on the basketball products.

60.    Plaintiff and Class Members were undoubtedly injured as a result of Defendant's false "MADE IN U.S.A." representations that are at issue in this litigation.

61.    In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which is available to a prevailing plaintiff in class action cases such as this.

/ / /

/ / /

14

## THIRD CAUSE OF ACTION

### (Violation of Business & Professions Code § 17533.7 Against All Defendants)

62.     Plaintiff realleges and incorporates herein by reference all of the allegations contained in Paragaphs1 through 61, inclusive, of this complaint as though fully set forth herein.

63.     Business & Professions Code Section 17533.7 provides:

> It is unlawful for any person, firm, corporation or association to sell or offer for sale in this State any merchandise on which merchandise or on its container there appears the words "Made in U.S.A." "Made in America," "U.S.A.," or similar words when the merchandise or **any article, unit, or part thereof,** has been entirely or substantially made, manufactured, or produced outside of the United States.  (emphasis added).

64.     Defendants (Lifetime and Sports Authority *both* violated this statute because both company's "offer for sale" violative products) violated Business & Professions Code Section 17533.7 by selling and offering to sell merchandise in the State of California with the "MADE IN USA" country of origin designation as fully set forth herein.  The merchandise at issue in this case actually contains component parts that are manufactured in China in violation of California and federal law.

65.     It is alleged on information and belief that Defendants' violations of Business & Professions Code Section 17533.7 was done with awareness of the fact that the conduct alleged was wrongful and were motivated solely for increased profit.  It is also alleged on information and belief that Defendants did these acts knowing the harm that would result to Plaintiff and that Defendants did these acts notwithstanding that knowledge.

66.     As a direct and proximate result of Defendants' violations of Business & Professions Code Section 17533.7, Plaintiff and Class members are entitled to restitution of excess monies paid to Defendants by Plaintiff and Class members relating to the false "MADE IN USA" claims on Defendants' basketball hoop products.

67.     Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendants as a result of Defendants' false "MADE IN USA" claims set forth on the basketball hoop products.  Furthermore, he suffered an "injury in fact" by paying for something he

believed was genuinely manufactured in the USA, when it was not.  See also Paragraphs 18-22 herein.

68.     Plaintiff and Class Members were undoubtedly injured as a result of Defendants' false "MADE IN USA" representations that are at issue in this litigation.

69.     In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which is available to a prevailing plaintiff in class action cases such as this.

## **PRAYER**

WHEREFORE, Plaintiffs, on behalf of themselves, collectively on behalf of the Nationwide Class, and respectively on behalf of the California Class they seek to represent, respectfully request the following relief:

1.     That the Court determine that this action may be maintained as a class action by certifying this case as a nationwide class action;

2.     That the Court certify Plaintiff to serve as a class representative in this case;

3.     That Defendants' wrongful conduct alleged herein be adjudged and decreed to violate the consumer protection, deceptive trade practice, and other statutory claims asserted, as well as the warranty claims, and the common law of unjust enrichment;

4.     Plaintiff and each of the other members of the Nationwide Class and each of the other members of the California Class be awarded damages;

5.     Plaintiff and each of the other members of the Nationwide Class and each of the other members of the California Class recover the amounts by which Defendants have been unjustly enriched;

6.     Defendants be enjoined from continuing the wrongful conduct alleged herein and required to comply with all applicable law;

7.     Plaintiff and each of the other members of the Nationwide Class and each of the other members of the California Class recover their costs of suit, including reasonable attorneys' fees and expenses as provided by law; and

COMPLAINT

8.      That Plaintiff and each of the other members of the Nationwide Class and each of the other members of the California Class be granted such other and further relief as the nature of the case may require or as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38, Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury with respect to all issues triable to a jury.

Dated:  October 21, 2010                              Respectfully submitted,

DEL MAR LAW GROUP, LLP


By:_____
John H. Donboli
E-mail:  jdonboli@delmarlawgroup.com
JL Sean Slattery
E-mail:  sslattery@delmarlawgroup.com
Attorneys for: ANDREW HECHT
NIELSEN, an individual and on behalf of
all others similarly situated

17

*JS 44 (Rev. 12/07)  CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ANDREW HECHT-NIELSEN, an individual and on behalf of all others similarly situated,

**DEFENDANTS**
LIFETIME PRODUCTS, INC.
THE SPORTS AUTHORITY, INC. and DOES 1-100

(b) County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  State of Utah
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Del Mar Law Group, LLP, 2002 Jimmy Durante Blvd., Suite 100, Del Mar, CA 92014

Attorneys (If Known)

'10 CV 2205 BEN    RBB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)  and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Section 1331 et seq.
Brief description of cause:
Violation of Consumer Statutes (False Country of Origin Designat

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $5,000,000+
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE
10/21/2010

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 19573   AMOUNT $350   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____
MB 10-22-10

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS019573
Cashier ID: mbain
Transaction Date: 10/22/2010
Payer Name: AMERICAN MESSENGER SERVICE
---------------------------------
CIVIL FILING FEE
 For: HECHT NIELSEN V LIFETIME PRODC
 Case/Party: D-CAS-3-10-CV-002205-001
 Amount:        $350.00
---------------------------------
CHECK
 Check/Money Order Num: 7555
 Amt Tendered:  $350.00
---------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```